**RIGUAL v. NABOURS et al. (two cases).**

Civ. Nos. 5442, 5455.

United States District Court,
W. D. Oklahoma.

April 24, 1953.

Bliss Kelly, Oklahoma City, Okl., for plaintiff.

Russell B. Holloway, Oklahoma City, Okl., for defendants.

WALLACE, District Judge.

The plaintiff, Rafael Rigual, brings these two actions to recover $7,500 which he loaned to the defendant W. H. Nabours.

Case No. 5442 involves two notes, one for $6,000 dated February 6, 1947,[1] and one for $1,500 dated February 17, 1947,[2] which were signed by defendants W. H. Nabours and W. W. Hughes.

Case No. 5455 involves two notes, one for $6,000 dated February 4, 1947, and one for $1,500 dated February 17, 1947, signed by defendants W. H. Nabours and F. J. Sprankle.

Inasmuch as it was stipulated by the parties that the total amount loaned by the plaintiff was $7,500 in regard to all four of the notes, the two cases were consolidated for trial to aid the Court in determining in just what manner all of the notes pertained to this $7,500 debt.

At the time of trial the defendants, W. H. Nabours and F. J. Sprankle, admitted liability on the two notes signed by them and being sued upon in Case No. 5455 and

---

1. Plaintiff's Exhibit 1.

2. Plaintiff's Exhibit 2.

asked that judgment be entered against them.

Defendant Nabours is on both notes and inasmuch as $7,500 was the total amount loaned, the issue before the Court is whether the defendant W. W. Hughes is also legally responsible for the repayment of this $7,500 by virtue of his signature on the two notes being sued on in Case No. 5442.

The evidence indicates that early in February, 1947, the plaintiff loaned $6,000 to defendant Nabours, a close personal friend and confident; this money was used in connection with the paving and improving of certain streets in Britton, Oklahoma, on which job the defendant Nabours had the improvement contract. Subsequently, it developed that Nabours needed additional money to complete the job and collect from the municipality under the contract; the plaintiff reluctantly loaned Nabours an additional $1,500, this additional sum was loaned only after defendant Hughes, an engineer who had the responsibility of recommending approval of the completed job, assured the plaintiff that the assignment of the "Britton Contract" by Nabours to plaintiff fully protected the plaintiff's loan.[3]

There is a direct conflict in the evidence on just why and under what condition the

defendant Hughes placed his name on the set of notes involved in Case No. 5442, and just why and under what condition the set of notes involved in Case No. 5455, were given.

Defendant Hughes insists that he signed the first set of notes with the express understanding that just as soon as a new set of notes could be obtained with the signature of defendant Sprankle that he, Hughes, was to be released; Hughes contends further that the only purpose for which his signature was given was to assure the plaintiff that he would be paid should defendant Nabours die prior to the execution of the substitute set of notes to be signed by defendant Sprankle.

■ It is elementary that a maker or endorser is legally responsible where he lends his name for the purpose of getting another person to loan money even though he lends his name as a mere accommodation.[4]

■ However, even though the Court does not believe a clear and complete picture of what transpired among the parties litigant can be drawn from the introduced evidence, the Court is satisfied that the set of notes in Case No. 5455 were in fact given in complete satisfaction of and substitution for the two notes signed by defendant Hughes and sued upon in Case No. 5442.[5]

3. This assignment by W. H. Nabours provided in part:

"For a valuable consideration, receipt of which is hereby acknowledged, I hereby assign to Rafael Rigual, Oklahoma City, Oklahoma, all of my right, title and interest in and to any amounts now due or becoming due under contract entered into by and between the undersigned and the City of Britton, Oklahoma, a municipal corporation, in the amount of Fourteen Thousand Forty-Nine Dollars ($14,049.00), dated September 16, 1946, for paving and otherwise improving Beatty Street, Stewart Street, and University Avenue in the City of Britton, Oklahoma, known as Street Improvement District File No. 14; and

"I further agree that I will deliver to Rafael Rigual of Oklahoma City, Oklahoma, all payments or bonds as received by me on said contract until I have repaid in full the said Rafael Rigual of Oklahoma City, Oklahoma, all of my ob-

ligations to him, including interest." (See plaintiff's exhibit 3).

4. Title 48 Okl.St.Ann. § 76 provides:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party. * * *"

5. In Exchange Bank of Commerce v. Meadors, 1947, 199 Okl. 10, 184 P.2d 458, 466, the Oklahoma Supreme Court said:

"The evidence in this connection shows that S. M. Puryear represented the bank in the transaction where the $4000 note was taken in full satisfaction of the 'Frank Meadors, Jr., line' which included the 'Bunte' notes. * * * it is shown by competent testimony that there

· Thus, judgment should be for the plaintiff against W. H. Nabours and F. J. Sprankle on the notes sued upon in Case No. 5455; and judgment should be for the defendants regarding the notes in issue in Case No. 5442.

Counsel will please submit appropriate journal entries within ten days.

was an express agreement to accept the new note of Frank Meadors, Jr., in the amount of $4000 in full satisfaction of the 'Meadors line,' and where such is the intention of the parties it will be given effect." Also, see Title 48 Okl.St.Ann. § 261(4).